IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


| | |
|---|---|
| RANDOLPH THOMPSON           * | |
|            Plaintiff, | |
|       v.                                            * | CIVIL ACTION NO. RDB-06-3432 |
| DR. ABRAHAM                 * | |
|       and                                          * | |
| PHS MEDICAL DEPARTMENT      * | |
|            Defendants. | |
|                                                          * | |

\*\*\*\*\*\*

## MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil rights action and a motion for leave to proceed *in forma pauperis* filed by Randolph Thompson. Thompson claims he was denied adequate medical care in violation of the Eighth Amendment. The Court will grant the motion to proceed *in forma pauperis*, and dismiss the complaint without prejudice.

### I.  Background

**A.  Procedural History**

Thompson is in the custody of the Department of Correction and is housed at the Jessup Correctional Institution, formerly the Maryland House of Correction Annex (MHC-X). The instant complaint is virtually identical to that he filed previously in *Thompson v. Dr. Abraham*, Civil Action No. RDB-06-2455. That case was dismissed without prejudice on October 27, 2006. In the current proceeding, Thompson names both Dr. Abraham and PHS Medical Department. Prison Health Services (PHS) as the contractual providers of medical services at the

Maryland House of Correction Annex at the time of the alleged injury in 2004.[1]

### B. Factual Background

Thompson claims that on April 30, 2004, he fell during outside recreation and injured his left arm. Petition, Part III. He went to the Medical Department where "Dr. Abraham" examined his arm, found it sprained and prescribed Motrin. Petition, Statement of Claim. Thompson continued to feel pain in his arm, and submitted sick call slips to the Medical Department. On May 3, 2004, x-rays were taken and they showed his arm was broken. Thompson states he was escorted to the Maryland House of Correction on May 4, 2004, but the orthopedist "refused to examine Plaintiff." [2] The following day, May 5, 2004, Thompson was transported to the University of Maryland Medical Center for treatment. *See id.*

## II. Claims Presented

Thompson faults "Dr. Abraham" as "inadequate" and "reckless" for his diagnosis. *See id.* He contends that he received medical care amounting to deliberate indifference to his health in violation of the Eighth Amendment. As relief, he seeks monetary damages.

## III  Analysis

Pursuant to 28 U.S.C. § 1915(e)(2), this Court must dismiss cases in which a plaintiff is proceeding *in forma pauperis* and the action is: 1) frivolous or malicious; 2) fails to state a claim on which relief may be granted; or 3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). For the reasons that follow, the Court will

---

[1] Counsel for Correctional Medical Services, the current medical provider at the Jessup Correctional Institution, has indicated there was no Dr. Abraham employed at MHC-X in 2004.

[2] The unnamed orthopedist is not a defendant in this action.

dismiss this complaint without prejudice for failure to state a claim upon which relief may be granted.

To state a constitutional claim under the Eighth Amendment for denial of medical care a prisoner must demonstrate that the defendant's acts or omissions amounted to deliberate indifference to his serious medical needs. *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976). In essence, the treatment rendered must be so grossly incompetent or inadequate as to shock the conscience or to be intolerable to fundamental fairness. *See Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." *Id.* at 851. Reckless disregard occurs when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer v. Brennan*, 511 U. S. 825, 837 (1994). Thus, a health care provider must have actual knowledge of a serious condition, not just knowledge of the symptoms. *See Johnson v. Quinones,* 145 F.3d 164, 168 (4th Cir. 1998). Furthermore, mere negligence or malpractice does not rise to a constitutional level. *See Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Donlan v. Smith*, 662 F. Supp. 352, 361 (D. Md. 1986). Generally, a prisoner's disagreement with medical personnel over the course of his treatment does not constitute a constitutional cause of action. *See Wright v. Collins*, 766 F. 2d 841, 849 (4th Cir. 1985).

Upon review of the facts alleged here, the Court finds that Thompson has failed to suggest how his medical treatment amounted to deliberate indifference to his medical needs. Plaintiff's own account of the facts shows that his injury was examined promptly, analgesics

were prescribed, and after he complained of continued pain, x-rays were ordered.  Indeed, Thompson was taken to the University of Maryland Medical Center for treatment one day after x-rays showed his left arm was broken.  There is no cause here to support an allegation of constitutionally inadequate medical care.  Thompson's apparent disagreement with "Dr. Abraham" over the initial and limited course of his treatment does not amount to a constitutional cause of action.  *See id.*

Additionally, to the extent Thompson seeks to make PHS vicariously liable for the actions of its employees, he cannot establish liability based on the facts alleged.  Thompson proffers no evidence that alleged deficiencies in medical care were based on corporate policy or pattern of practice.  Prison Health Services cannot remain as a defendant based solely on the actions of its employee because the doctrine of *respondeat superior* does not apply in § 1983 actions. *See Monell v. Department of Social Services*, 436 U.S. 694 (1978).

/s/
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE